[Cite as *In re G.R.*, 2017-Ohio-8917.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| G.R. | ) | |
| | ) | CASE NO. 17 HA 0002 |
| | ) | 17 HA 0003 |
| | ) | |
| | ) | OPINION |

CHARACTER OF PROCEEDINGS:      Civil appeal from the Court of Common Pleas, Juvenile Division of Harrison County, Ohio
Case No. 20153029

JUDGMENT:      Affirmed.

APPEARANCES:
For Father, K.R.      Attorney Jason Jackson
P.O. Box 308
Uhrichsville, Ohio 44683

For Mother, B.K.      Attorney Bernard Battistel
2021 Sunset Boulevard
Steubenville, Ohio 43952

For Harrison County Department of Job and Family Services      Attorney E. Marie Seiber
P. O. Box 108
Dennison, Ohio 44621

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: November 30, 2017

DeGENARO, J.

{¶1} Mother, B.K., and Father, K.R., appeal the juvenile court's judgment terminating their parental rights to G.R., and awarding permanent custody to the Harrison County Department of Job and Family Services ("Agency"). The parties argue they had insufficient time to complete the case plan and further assert that the termination of their parental rights is against the manifest weight of the evidence. Their arguments are meritless. As the child had been in the custody of the Agency for 12 of 22 months as set by statute and the grant of custody was in the child's best interests, the judgment of the juvenile court is affirmed.

## Facts and Procedural History

{¶2} G.R. was born on July 15, 2015, and tested positive for tetrahydrocannabinol (THC). Mother was 18 when she became pregnant, and Father was 15. A week later the Agency took custody of the child and filed a complaint with the juvenile court alleging that the child was abused and dependent; at the time, Father was in a juvenile detention facility. The juvenile court entered an order placing the child into the temporary custody of the Agency on July 27, 2015. Two days later the Agency dismissed the allegation of abuse; Mother and Father both stipulated to a dependency finding. The child remained in the temporary custody of the Agency.

{¶3} On October 5, 2015, a case plan was filed with the juvenile court for Mother and Father that included several goals such as completing counseling, obeying all laws, securing employment, and remaining drug-free. On July 12, 2016, Mother was arrested and charged with failing to maintain an assured clear distance, failure to stop at the scene of an accident, and underage consumption. Ultimately, Mother was incarcerated for over 200 days on these charges and other probation violations and remained incarcerated for most of this case.

{¶4} Mother was transported from jail and Father was present for the August 4, 2016 annual review, which revealed they had made minimal progress on the case plan. The juvenile court cautioned both parties "of the time restrictions of this matter and the potential for the Agency to file a Motion for Permanency if there is not significant progress made during the next six months." Both Mother and Father

assured the juvenile court judge that they understood.

**{¶5}** The Agency's October 27, 2016 motion for permanent custody and for the appointment of a guardian ad litem noted: the child had been in the Agency's custody for 12 of 22 months; Mother was in and out of jail and psychiatric units; and Father failed to attend school and repeatedly tested positive for THC, and was in a juvenile detention center when the motion was filed. At the February 13, 2017 permanent custody hearing the guardian ad litem, Mother, Father, a corrections officer, and the Agency caseworker testified. The juvenile court terminated Mother and Father's parental rights and awarded permanent custody to the Agency.

### Reunification

**{¶6}** Both Mother and Father have raised assignments of error, which we will address together as necessary for clarity of analysis. In her first of two assignments of error, Mother asserts:

> The Harrison County Job and Family Services, Children Services Agency did not make a reasonable effort to reunify with the natural mother of the minor child.

**{¶7}** If a child has been in the temporary custody of a public children services agency for 12 or more months of a consecutive 22–month period, the Agency shall file a motion requesting permanent custody of the child. R.C. 2151.413(D)(1). That said, the Agency must make reasonable efforts to reunify the family before terminating parental rights. *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 4. If it has not already proven reasonable efforts, the agency must do so at the permanent custody hearing. *Id.* "Courts have described 'reasonable efforts' as the agency's efforts to resolve a threat to a child's health or safety before removing the child from his or her home or permitting the child to return home again, following an intervention to protect the child from abuse or neglect." *Matter of C.G.*, 7th Dist. No. 16 JE 0023, 2017-Ohio-896, ¶ 20, citing, *In re H.H.*, 9th Dist. No. 25463, 2010-Ohio-5992, ¶ 10.

**{¶8}** Mother argues that the Agency did not make reasonable efforts towards reunification contending the Agency was "always in the mindset of seeking permanent custody." However, she does not elaborate on this position, and the evidence does not support this argument.

**{¶9}** Caseworker Linda Schoppe testified regarding Mother's case plan. Mother was to obtain a diagnostic clinical parenting assessment, which she did not complete. Mother was to attend counseling to address her poor decision-making and history of suicidal ideations. She did the intake and cancelled her following two appointments. Mother was not compliant with following all laws and the terms of her probation resulting in her incarceration for over 200 days during these proceedings and missing substantial visitation with the child. She was not employed at any point during the proceedings and failed 10 of 14 drug screens.

**{¶10}** Mother admitted she was incarcerated because she did not obey the law. She acknowledged her repeated suicide attempts while incarcerated and her consistent use of marijuana to self-medicate. She admitted to being manipulative and not attending counseling because she could not find a place and a counselor she liked. Mother testified she was prescribed medications for her mental health issues, but chose not to take them for months because she believed she was stable and did not need them.

**{¶11}** Given Schoppe and Mother's testimony, the Agency demonstrated reasonable efforts to reunify the child with Mother, but she was unable or unwilling to comply with the case plan. Accordingly, Mother's first assignment of error is meritless.

### Manifest Weight

**{¶12}** Mother asserts in her second assignment of error and Father asserts as his sole error, respectively:

> The juvenile court's decision which termiated (sic) the parental rights of the Appellant was an abuse of discretion and against the manifest weight of the evidence.

The grant of permanent custody was against the manifest weight of the evidence.

{¶13} Mother argues that the grant of permanent custody was not in the child's best interests and if she had been given more time she could complete the case plan. Father argues that he made substantial progress on his case plan and that he should have been granted additional time before divesting him of his parental rights.

{¶14} "In order to grant permanent custody to the agency, the trial court must make one of the five findings set out in R.C. 2151.414(B)(1)(a) through (e) and make a best interest finding." *Matter of D.F.*, 7th Dist. No. 16 NO 0439, 2017-Ohio-2711, ¶ 20. Clear and convincing evidence produces in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985). The juvenile court made a finding pursuant to R.C. 2151.414(B)(1)(d):

> [T]he court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
>
> (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, * * *.

{¶15} Neither Mother nor Father contest the length of time the child was in the continuous temporary custody of the Agency, which was from July 23, 2015, shortly after the child was born through the permanent custody hearing on February 13, 2017. As the juvenile court made the 12 of 22 finding, it did not have to consider

whether the child could be placed with either parent within a reasonable time under R.C. 2151.414(B)(1)(a). *Matter of G.P.*, 2d Dist. No. 2016-CA-88, 2017–Ohio–2883, ¶ 54. As such, we turn to whether a grant of permanent custody was in the child's best interests.

{¶16} In determining whether it is in the child's best interest to grant custody to the agency, the court shall consider:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, * * * with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child [regarding certain crimes, withholding food or medical treatment, drug and alcohol abuse, abandonment, and having previously had parental rights terminated].

R.C. 2151.414(D)(1).

{¶17} The juvenile court made explicit best interest findings. The first statutory factor, the child's interaction with parents, foster parents, etc., the juvenile court found the child bonded with the foster parents, identified them as his parents, and they

wished to adopt him. Regarding the second statutory factor, at nineteen months the child was too young to verbally express his wishes. The juvenile court also considered the custodial history noting the Agency received custody of the child eight days after his birth and retained custody for 12 or more months of a consecutive 22–month period.

**{¶18}** Next, the juvenile court found that the child cannot be placed with the parents within a reasonable period of time due to their behavior, thus requiring permanency. The fifth statutory factor does not apply in this case.

**{¶19}** In addition to the statutory factors, the juvenile court made many other findings: Mother was diagnosed as bipolar, depressive, and having anxiety disorder but did not take her prescribed medications; Mother self-medicates with marijuana; Mother did not complete counseling or parenting class; she is not employed and depends on her mother for food and transportation.

**{¶20}** Regarding Father, the juvenile court noted he admitted he did not complete the case plan and used marijuana. He was discharged from counseling because of non-attendance and has not completed a parenting assessment or class. He dropped out of high school and never had a job or a driver's license; his only income was SSI disability that was not enough to cover his expenses. He did not complete a psychiatric or addiction assessment. Finally, he admitted missing visits with the child to avoid drug tests.

**{¶21}** Significantly, the GAL did not believe that Mother and Father could complete the case plan in the remaining four months of time and recommended the court grant the permanent custody motion.

**{¶22}** As the juvenile court's decision to grant permanent custody was not against the manifest weight of the evidence, Mother's second assignment of error and Father's sole assignment of error are meritless.

**{¶23}** The child was in the temporary custody of the Agency for 12 or more months of a consecutive 22–month period and the trial court's finding that the grant of permanent custody was in the child's best interests was supported by clear and

convincing evidence. Accordingly, the judgment of the juvenile court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.